Donna Jean Sears, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued January 31, 1983, before Judges Rogers, Williams, Jr. and Craig, sitting as a panel of three.

*John W. Gibson,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, March 11, 1983:

The claimant, Donna Jean Sears, a former substitute teacher for the School District of Pittsburgh, has brought this appeal from a denial of benefits by the Unemployment Compensation Board of Review, affirming a referee's decision.

The referee's findings, as far as they go, are not essentially in dispute. Following the claimant's period of employment as a substitute school teacher during the 1979-1980 school year, that academic year ended in June, 1980, and summer vacation began. The substitute teacher's list for the next school year, beginning in September, 1980, contained claimant's name.

According to the claimant's testimony, the school district did not provide her with any work at all during September and October, 1980. Although Office of Employment Security forms filled out by the school district contain some claims that the employer called the claimant during that period, the employer's representative did not substantiate that claim by any testimony at the hearing.

As the referee found, the claimant went to Fort Lauderdale, Florida in early November, 1980, without informing her employer that she was doing so, and without any express resignation of her employment. Shortly thereafter, the employer sent the claimant a letter at her Pittsburgh address, inquiring about her availability for work; the claimant's mother answered the letter by stating that the claimant had moved to Florida.

The board and the referee denied benefits on the ground of a voluntary quit without necessitous and compelling cause, under section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

Initially, the board has submitted a motion to quash the appeal as untimely, which we must reject because the record does not establish untimeliness with sufficient clarity. The board issued its decision on December 31, 1981 and mailed it to the number and street in Fort Lauderdale which the claimant had originally provided, but which was different from the number and street which she supplied on the record during the course of the hearing. Even though the claimant appears to have contributed to some confusion as to the correct address, sufficient uncertainty exists that we will not quash the appeal.

The referee's decision, as adopted by the board, apparently holds that the claimant voluntarily quit, but characterizes the way she did it as "abandoning" the position. Her mother's response to the employer's November inquiry seemed to confirm the fact that she had quit.

Of course, the claimant has the burden of showing compelling and necessitous cause for such a quit. *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).

The claimant's contention is that she departed because the employer offered her no work whatsoever during the months of September and October; as noted above, her testimony to that effect has not been contradicted by any evidence on behalf of the employer. Even with respect to a substitute teacher, who can only expect to be called for work on a day-to-day basis, the absence of any work for a two-month period could possibly constitute sufficient justification to quit and seek other employment.

However, the referee's decision contains no finding with respect to the presence or absence of work opportunity after school resumed, or to whether or not her quitting was thereby justified. With respect to

cause, the referee's discussion merely states that she "abandoned" her position for "personal reasons to relocate in another state. . . ." We know of no legal difference between quitting a job and abandoning it, and the record contains no evidence of "personal reasons" other than the failure or inability of the employer to tender the claimant any work.

Therefore, we will grant the claimant's request for a remand for further hearing, pursuant to which there should be findings as to whether or not the opportunity to work was tendered after the school year resumed and, in relation to those facts, whether or not the claimant had necessitous and compelling reason for leaving the job.

ORDER

Now, March 11, 1983, the decision of the Unemployment Compensation Board of Review, No. B-202321, is reversed, and this case is remanded for further proceedings in accordance with the opinion. Jurisdiction relinquished.